# United States Bankruptcy Court
## Northern District of Georgia

In re  **Erica Latasha Richardson**                                                  Case No.
                                        Debtor(s)                                              Chapter  **13**

## CHAPTER 13 PLAN

Extension ☐                                                                                       Composition ☒

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of  **$430.00 Monthly**  to Trustee by ☐ Payroll Deduction(s) or by ☒ Direct Payment(s) for the applicable commitment period of  **36**  months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☒ IF CHECKED, Plan payments will increase by **$75.00**  in **January 2014**  upon completion or termination of  **Aarons**  .

3. **Claims Generally**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

    (B). **Debtor's Attorney's Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ **3,825.00**  **(cost incurred: $3,500.00 attorney fee, $281.00 filing fee, $24.00 credit report, $20.00 copy cost)**  for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **325.00**  was paid prior to the filing of the case. The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first disbursement of the plan following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $ **3,500.00**  after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to $ **373.00**  per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $ **3,500.00**  , after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

    Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non base services" as they are performed on an as-needed basis, These "non-base services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in the case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If no objection to the application is timely filed, then the application will stand approved without further notice or hearing. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph (B)(a), above. If the base fee has been paid in full,then the fee shall be paid up to $___373.00__ per month and the distributions to creditors shall be reduced, *pro rata*, by the amount until the additional fee is paid in full

5. **Priority Claims**.

   (A). **Domestic Support Obligations**.

☒ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   | -NONE- |
   |---|

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☒ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| **-NONE-** | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☒ None; or

   Claimant and proposed treatment:    -NONE-

   (B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **Georgia Department of Revenue** | **900.00** |
| **Internal Revenue Service** | **0.00** |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☒ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| -NONE- | | |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraph (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in paragraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☒ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☒ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(c). **Other provisions**.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| **GMAC Mrtg** | **Real Property 75 Derby Country Drive Ellenwood, Ga  30294** | 19,000.00 | **15.00 an then increasing to 383.00 in July 2014** |
| **Henry County Tax Commissioner** | **Real Property 75 Derby Country Drive Ellenwood, Ga  30294** | 900.00 | **15.00 an then increasing to 20.00 in July 2014** |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **-NONE-** | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $  **176,996.00**  . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ **0.00**  or  **0**  %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☒ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| **Aarons Rental** | **Lease** | **$75.00** | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                                                                                                                 Best Case Bankruptcy

10. **Other Provisions**:

    (A). **Special classes of unsecured claims**.

    (B). **Other direct payments to creditors**.

    (C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with __0.00__ % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
      -NONE-

    (E). **Other Provisions:**

**Any federal tax refunds the debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's chapter 13 case. Further, the debtor authorizes and instructs the Internal Revenue Service to send any refund for said years to the Debtor's Chapter 13 Trustee. Upon written request to the Chapter 13 Trustee, the Debtor may retain up to $1,500.00 of a tax refund without a motion being filed.**

Date **May 4, 2013**       Signature **/s/ Erica Latasha Richardson**
                                                   **Erica Latasha Richardson**
                                                   Debtor

Attorney **/s/ Ronica Scales**
            **Ronica Scales 141276**

United States Bankruptcy Court
Northern District of Georgia

In re:   Case No. 13-59875-crm
Erica Latasha Richardson   Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 113E-9   User: benningto   Page 1 of 3   Date Rcvd: May 06, 2013
    Form ID: pdf589   Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 08, 2013.
```
tr           +Nancy J. Whaley,   Nancy J. Whaley, 13 Trustee,   Suite 120,   303 Peachtree Center Avenue,
              Atlanta, GA 30303-1286
16997835     +Aaron Rents,   1115 Mt. Zion Road,   Morrow, GA 30260-2266
16997838     +Covig Cred,   3859 Highway 138 Se,   Stockbridge, GA 30281-4143
16997839     +Covington,   4578 Memorial Drive,   Decatur, GA 30032-1447
16997843     +Feder Firm Law Office,   3348 Peachtree Rd, NE,   Tower Place 200, Ste 700,
              Atlanta, GA 30326-1442
16997845     +GMAC Mrtg,   P.O. Box 8300,   1100 Virginia Drive,   Fort Washington, PA 19034-3204
16997851     +National Credit System,   3750 Naturally Fresh Blv,   Atlanta, GA 30349-2964
16997853     +North Amercn,   2810 Walker Rd,   Chattanooga, TN 37421-1082
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
16997836     +E-mail/PDF: recoverybankruptcy@afninet.com May 07 2013 00:45:43     Afni, Inc.,   Po Box 3097,
              Bloomington, IL 61702-3097
16997837     +E-mail/Text: glong@csa-inc.biz May 07 2013 00:34:34     Collection Svc Of Athe,
              110 Newton Bridge Rd Bld,   Athens, GA 30607-1163
16997840     +E-mail/Text: bankruptcy@cbtno.com May 07 2013 00:34:21     Crescent Bank And Trus,
              5401 Jefferson Hwy Ste D,   Harahan, LA 70123-4232
16997841     +E-mail/Text: electronicbkydocs@nelnet.net May 07 2013 00:38:44     Dept Of Education/Neln,
              121 S 13th St,   Lincoln, NE 68508-1904
16997842     +E-mail/Text: bknotice@erccollections.com May 07 2013 00:38:46     Enhanced Recovery Co L,
              8014 Bayberry Rd,   Jacksonville, FL 32256-7412
16997844      E-mail/Text: brnotices@dor.ga.gov May 07 2013 00:35:51     Georgia Department of Revenue,
              Bankruptcy Unit,   1800 Century Blvd  Suite 17200,   Atlanta, GA 30321
16997846      E-mail/Text: atitterton@co.henry.ga.us May 07 2013 00:40:48     Henry County Tax Commissioner,
              140 Henry Pkwy.,   P.O. Box 488,   Mcdonough, GA 30253
16997847     +E-mail/Text: Bankruptcy@icsystem.com May 07 2013 00:38:37     I C System Inc,   Po Box 64378,
              Saint Paul, MN 55164-0378
16997848     +E-mail/Text: Bankruptcy@icsystem.com May 07 2013 00:38:37     I.C. System Inc.,   P.O. Box 64378,
              St Paul, MN 55164-0378
16997849     +E-mail/Text: cio.bncmail@irs.gov May 07 2013 00:27:40     Internal Revenue Service,
              P.O. Box 7346,   Philadelphia, PA 19101-7346
16997850     +E-mail/Text: bankruptcydpt@mcmcg.com May 07 2013 00:31:45     Midland Funding,
              8875 Aero Dr Ste 200,   San Diego, CA 92123-2255
16997852     +E-mail/Text: icrb@nffs.com May 07 2013 00:41:00     Natl Fitness,   1645 E Hwy 193,
              Layton, UT 84040-8525
16997854     +E-mail/PDF: pa_dc_claims@salliemae.com May 07 2013 00:46:51     Sallie Mae,   Po Box 9500,
              Wilkes Barre, PA 18773-9500
16997855     +E-mail/Text: bankruptcy@sw-credit.com May 07 2013 00:38:33     Sw Crdt Sys,
              5910 W Plano Pkwy Suite 100,   Plano, TX 75093-2202
16997856     +E-mail/Text: bkyelectnotices@tgslc.org May 07 2013 00:41:08     Texas Guar Student Loa,
              Po Box 83100,   Round Rock, TX 78683-3100
17002735     +E-mail/Text: usagan.bk@usdoj.gov May 07 2013 00:36:51     U. S. Attorney,
              600 Richard B. Russell Bldg.,   75 Spring Street, SW,   Atlanta GA 30303-3315
                                                                                              TOTAL: 16
```

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
District/off: 113E-9          User: benningto            Page 2 of 3            Date Rcvd: May 06, 2013
                              Form ID: pdf589            Total Noticed: 24

              ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 08, 2013**              Signature:    *Joseph Speetjens*

```
District/off: 113E-9          User: benningto              Page 3 of 3                  Date Rcvd: May 06, 2013
                              Form ID: pdf589              Total Noticed: 24
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 4, 2013 at the address(es) listed below:
          Craig Z. Black    on behalf of Debtor Erica Latasha Richardson wtate@robertjsemrad.com, rjsatlcourtdocs@gmail.com

                                                                                                              TOTAL: 1